# In the United States Court of Federal Claims

14-1202

Filed: January 30, 2017

```
*****************************************
                                        *
                                        *
RMA ENGINEERING S.A.R.L. d/b/a/         *
RMV ARCHITECTS,                         *
                                        *        Rule of the United States Court of
        Plaintiff,                      *        Federal Claims ("RCFC") 83.1
                                        *        (Withdrawing Counsel).
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
        Defendant.                      *
                                        *
                                        *
*****************************************
```

**MEMORANDUM OPINION AND ORDER**

      On January 11, 2017, Plaintiff's Counsel filed a Motion To Withdraw Legal Representation, because his client "fai[ed] substantially to fulfill an obligation to [Counsel] regarding [Counsel's] services," and requested leave to withdraw from representation. ECF No. 25 at 1 (citing ABA MODEL RULES OF PROF'L CONDUCT RULE 1.6). On January 23, 2017, the Government filed a Response stating that it did not oppose the January 11, 2017 Motion, but requested that the court stay discovery until Plaintiff retained new counsel. ECF No 26 at 2.

      Under Rule of the United States Court of Federal Claims ("RCFC") 83.1(c)(5), an attorney may not withdraw without filing a motion with the court and serving notice on the client. Plaintiff's Counsel represented that he gave "reasonable warnings" to his client, but has not provided proof of service of the January 11, 2017 Motion to Plaintiff. ECF No. 25 at 1.

      In this case, Plaintiff is a "French limited liability company in partnership." ECF No. 1 at ¶1. Granting the January 11, 2017 Motion would result in Plaintiff appearing *pro se* in this proceeding. But, under the RCFC, an "entity" such as a limited liability company in partnership may not appear without counsel. *See* RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself or a member of one's immediate family, *but may not represent a corporation, an entity, or any other person in any proceeding before this court*.) (emphasis added); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through counsel.").

For these reasons, the January 11, 2017 Motion cannot be granted at this time.  Plaintiff's Counsel is ordered to show cause providing proof of service of the January 11, 2017 Motion to Plaintiff.  Thereafter, the court will convene a telephone status conference to discuss whether Plaintiff intends to substitute new counsel or dismiss the December 15, 2014 Complaint.  Until that time, discovery is stayed.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**
