# In the United States Court of Federal Claims

14-1202

Filed: February 2, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | * |
| --- | --- |
| | * |
| RMA ENGINEERING S.A.R.L. d/b/a/ | * |
| RMV ARCHITECTS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| | * |

Rules of the United States Court of Federal Claims ("RCFC") 41 (Dismissal of Actions), 83.1 (Withdrawing Counsel).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

On January 11, 2017, Plaintiff's Counsel filed a Motion To Withdraw Legal Representation, because his client "fai[ed] substantially to fulfill an obligation to [Counsel] regarding [Counsel's] services," and requested leave to withdraw from representation. ECF No. 25 at 1 (citing ABA MODEL RULES OF PROF'L CONDUCT RULE 1.6). On January 23, 2017, the Government filed a Response stating that it did not oppose the January 11, 2017 Motion, but requested that the court stay discovery until Plaintiff retained new counsel. ECF No 26 at 2.

On January 30, 2017, the court issued a Memorandum Opinion and Order, explaining that, under the Rules of the United States Court of Federal Claims ("RCFC") the court could not grant the January 11, 2017 Motion, because: (1) Plaintiff's Counsel did not provide proof of service of the January 11, 2017 Motion to Plaintiff, and (2) Plaintiff could not appear in the United States Court of Federal Claims *pro se*, because, as a "French limited liability company in partnership," Plaintiff is an "entity" that may not appear without counsel. *See* 1/30/2017 Order, ECF No. 27, at 1–2; *see also* RCFC 83.1(a)(3)( "*An individual who is not an attorney* may represent oneself or a member of one's immediate family, but *may not represent a corporation, an entity, or any other person in any proceeding before [the] court*.") (emphasis added); *Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) ("[An entity] must be represented by counsel in order to pursue its claim against the United States in the Court of Federal Claims.").

On January 31, 2017, Plaintiff's Counsel filed a Response To Court's Opinion Requiring Proof Of Service, attaching, as Exhibit A, a January 11, 2017 e-mail from Plaintiff's Counsel to a representative of Plaintiff containing a copy of the January 11, 2017 Motion. ECF No. 29 Ex A.

Because Plaintiff may not appear in the United States Court of Federal Claims *pro se*, Plaintiff is ordered to write a letter to the court, wherein Plaintiff will explain whether it intends to substitute new counsel or otherwise dismiss the December 15, 2014 Complaint. *See* RCFC 83.1(a)(3).

If Plaintiff does not retain new counsel within 30 days of this Memorandum Opinion and Order, the court will dismiss the December 15, 2014 Complaint. *See* RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion[.]"); *see also Talasila*, 240 F.3d at 1067 (affirming the United States Court of Federal Claims' dismissal of a complaint filed by a corporation because the corporation could not appear *pro se*).

The Clerk's Office is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**